**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIE LUCKETT, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> OFFICERS J. CONLAN, STAR NO. ) </br> 13613, P. PALIDER, STAR NO. 3772, ) </br> individually; and the CITY OF ) </br> CHICAGO, ) </br> ) </br> Defendants. ) | Case No. 07 C 3300 </br></br> Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

Plaintiff Willie Luckett ("Plaintiff") filed a three-count amended complaint against Officers J. Conlan ("Conlan"), P. Palider ("Palider"), and the City of Chicago (collectively, "Defendants"). Plaintiff's amended complaint includes a new cause of action (Count II) against Defendants Conlan and Palider for conspiracy to deprive Plaintiff of constitutional rights under 42 U.S.C. § 1983 ("Section 1983"). Defendants now move to dismiss Count II. For the reasons stated below, and in open court on June 4, 2008, the Court denies Defendants' motion.

### I. BACKGROUND FACTS

On June 28, 2005, Defendants Conlan and Palider arrested Plaintiff in the vicinity of 49th Street and Laflin Street in Chicago, Illinois ("June 28th arrest"). Comp. at ¶¶ 6,9, Dkt. 1, 6/12/07. Following the June 28th arrest, Plaintiff was charged with possession of a controlled substance. *Id.* at ¶ 10. Around August 2006, the criminal court dismissed the criminal charges

against Plaintiff. *Id.* at ¶ 11. Plaintiff alleges there was no legal cause to believe he should ever have been charged with possession of a controlled substance. *Id.* at ¶ 10.

On June 12, 2007, Plaintiff filed a two-count complaint ("Complaint") for claims arising from the June 28th arrest. Comp., Dkt. 1. Count I of the Complaint alleged false arrest by Defendants Conlan and Palider pursuant to Section 1983. Count II of the Complaint alleged a supplemental state claim of malicious prosecution against Defendants.

During the course of discovery, Plaintiff obtained information implying Plaintiff's arrest resulted from a conspiracy between multiple City of Chicago police officers. On January 3, 2008, Plaintiff filed a motion to compel Defendants' production of documents and responses to interrogatories, requesting, among other items, the identifying information and criminal charges of all persons Defendants Conlan and Palider arrested on June 28, 2005. Dkt. 26. On January 28, 2008, this Court granted in part and denied in part Plaintiff's motion. Dkt. 38. The Court ruled that Defendants were only required to produce the identifying information and criminal charges of all drug related arrests Defendants Conlan and Palider made on June 28, 2005. *Id.*

On January 25, 2008, through discovery, Plaintiff received the arrest report for a man named "John West, Jr." indicating that Mr. West was arrested on the same street and block as Plaintiff, as well as at the same time. Mr. West's police report additionally contains a narrative description of his arrest that is materially identical to Plaintiff's arrest. Plaintiff also alleges both his and Mr. West's arrests arose from the same information received by the police from an unknown and unnamed concerned citizen. Further, by means of oral

2

discovery, Plaintiff learned that six additional S.O.S. Police Officers were at the scene of Plaintiff's arrest. Based on this information, Plaintiff asserts that Defendants Conlan and Palider conspired to falsely arrest him.

On February 8, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion to Amend") to add a cause of action against Defendants Conlan and Palider for conspiracy to deprive Plaintiff of constitutional rights pursuant to Section 1983. Dkt. 39. Defendants did not object to Plaintiff's motion. Judge Joan H. Lefkow granted Plaintiff's motion on February 14, 2008. Dkt. 41. Plaintiff's new conspiracy claim ("Count II") alleges that a conspiracy between Defendants Conlan and Palider resulted in Plaintiff's June 28th arrest. Plaintiff additionally designated the original Count II for malicious prosecution as Count III in the First Amended Complaint.

On May 7, 2008, Plaintiff and Defendants consented to this Court's jurisdiction. Dkt. 66. Defendants now move to dismiss Count II of Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. Oral argument was held on June 4, 2008, at which time the Court announced the decision. This opinion provides a more detailed explanation.

## II. STANDARD OF REVIEW

This matter comes before the Court on a motion to dismiss; however, the motion also raises issues regarding the timeliness of Plaintiff's First Amended Complaint, specifically

Count II. Thus, in addition to applying the standard of review under Federal Rule of Civil Procedure 12(b)(6), the Court also addresses the applicable standards for amending a complaint under Federal Rule of Civil Procedure 15.

**A.     Motion to Dismiss**

Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Concentra*, 496 F.3d at 776 (quoting *Bell Atl. Corp. v. Twombly*, ---- U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007)). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do.'" *Twombly*, 127 S.Ct. at 1964-65. Additionally, the complaint "must plausibly suggest that the plaintiff has a right to relief [by providing allegations that raise a right to relief] above a 'speculative level.'" *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 127 S.Ct. At 1965). If the allegations do not suggest such a right to relief, "the plaintiff pleads itself out of court." *Id.* When ruling on a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible inferences from those allegations in the plaintiffs' favor." *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007).

**B.     Amendments to Pleadings**

Leave to amend a complaint should be freely given absent undue delay and undue prejudice to the opposing party. Fed. R. Civ. P. 15(a); *Cannon v. Washington*, 418 F.3d 714, 720 (7th Cir. 2005). This mandate must be heeded to enable the plaintiff to test a claim on its merits when the underlying facts relied upon by the plaintiff are a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Midway Mfg. Co. v. Arctic Int'l. Inc.*, No. 80-C-5863, 1981 WL 1390, at *2 (N.D. Ill. June 2, 1981). A complaint merely serves to put defendants on notice, and should be "freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Umar v. Johnson*, 173 F.R.D. 494, 503 (N.D. Ill. 1997). Leave to amend may be denied on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *Sound of Music Co. v. Minn. Mining & Mfg. Co.,* 477 F.3d 910, 922 (7th Cir. 2007). The determination of whether to grant an amendment is within the court's discretion. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

### III.  DISCUSSION

Defendants assert that Plaintiff's new conspiracy claim should be dismissed because it is barred by the statute of limitations and that Plaintiff has not established good cause to enable the Court to permit the addition of this claim.  For the following reasons, the Court denies Defendants' motion to dismiss and allows Plaintiff to pursue Count II only as it relates to Defendants Conlan and Palider, and the circumstances of the June 28th arrest, including John West, Jr.'s arrest.

**A.     Count II - Conspiracy to Deprive Plaintiff of Constitutional Rights**

A civil conspiracy occurs when two or more persons act in concert "to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988). The elements of a *prima facie* case of civil conspiracy include: (1) an express or implied agreement among the defendants to deprive the plaintiff of his or her constitutional rights; and (2) an actual deprivation of the plaintiff's constitutional rights by means of overt acts in furtherance of the agreement. *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992). Further, a civil conspiracy claim accrues "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Scherer,* 840 F.2d at 440. Thus, Plaintiff's civil conspiracy claim against Defendants accrued, at the latest, on June 28, 2005.

**B.      Statute of Limitations**

Defendants argue that Plaintiff's conspiracy claim must be dismissed because Plaintiff filed the claim after the relevant statute of limitations expired. Because Section 1983 does not contain an express statute of limitations, a federal court considering a Section 1983 action should apply the personal injury statute of limitations provided by the state where the alleged injury occurred. *Henderson v. Bolanda*, 253 F.2d 928, 931 (7th Cir. 2001) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)); *Giesen,* 956 F.2d at 740. Because Plaintiff was arrested in Illinois, the Court applies Illinois state law. Accordingly, pursuant to Illinois' personal injury statute, "the statute of limitations for Section 1983 actions filed in Illinois is two

6

years." 735 ILCS 5/13-202; *Henderson,* 253 F.2d at 931; *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

Plaintiff's conspiracy claim arises out of the June 28th arrest, thus, he had until June 28, 2007 to file this claim within the statute of limitations period. Plaintiff did not file the conspiracy claim until February 14, 2008, approximately seven and a half months after the two-year statute of limitations expired. Dkt. 42. Therefore, the issue becomes whether Plaintiff's conspiracy claim against Defendants Conlan and Palider relates back to the Complaint.

### 1. Rule 15(c) Tolls the Statute of Limitations when Amendments Relate Back to the Original Pleading.

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend his pleading once prior to being served with a responsive pleading, or, within 20 days after serving the original pleading when responsive pleadings are not allowed and the action has not been set on the trial calendar. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(1) is not available to Plaintiff.

Rule 15(a)(2) provides for circumstances not contemplated by Rule 15(a)(1): "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). By allowing courts to "freely give leave when justice so requires," Rule 15(a)(2) allows courts to permit amendments upon finding that doing so promotes justice. *See id.* Plaintiff seeks to proceed on Count II by reason of the relate back doctrine.

7

Rule 15(c)(1)(B) establishes the relate back doctrine which tolls the statute of limitations when an amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Generally, Rule 15(c)(1)(B) allows an amendment to relate back to the original pleading when the amendment asserts a new claim based on the same core of facts alleged in the original pleading, but involves a new legal theory. *Bularz v. Prudential*, 93 F.3d 372, 379 (7th Cir. 1996). Thus, an otherwise time-barred substantive claim may relate back to the date of a timely pleading when the new claim evolves from the same "conduct, transaction, or occurrence" alleged in the original pleading. *Id.* Further, an amended claim need not be based on the same theory of recovery asserted in the original pleading. *Id.*

Plaintiff's conspiracy claim relates back to the Complaint. Plaintiff's Complaint emphasized there was no legal cause for the June 28th arrest and the subsequent malicious prosecution. Comp. at ¶¶ 9-10, 18, 21. Such emphasis should have notified Defendants that Plaintiff's Complaint, in part, concerned the cause of the June 28th arrest. Further, Plaintiff asserted in the Complaint that the June 28th arrest exhibited disregard for Plaintiff's constitutional rights. *Id.* at ¶¶ 13-14, 17, 21. Although Plaintiff's new conspiracy claim supplements the legal theory and facts established in the Complaint, the core set of facts alleged in the Complaint give rise to the new conspiracy claim: the June 28th arrest arose from Defendants Conlan and Palider's alleged illegal conduct and deprivation of Plaintiff's constitutional rights. Thus, Plaintiff's conspiracy claim arises from the same occurrence and

conduct; therefore, Count II relates back to the Complaint.

Because the Complaint arose from the June 28th arrest, Defendants Conlan and Palider were on notice to defend against claims arising from their role in the June 28th arrest. Plaintiff's conspiracy claim merely adds specificity to the Complaint by indicating Plaintiff's theory regarding the cause of the June 28th arrest. Further, the ongoing factual dispute regarding the presence of additional officers at the June 28th arrest and the location of the June 28th arrest indicates Defendants were notified of the facts of the June 28th arrest giving rise to Plaintiff's conspiracy claim.[1] Thus, Defendants Conlan and Palider should have expected to defend against a civil conspiracy claim. The Court finds, however, that Plaintiff's conspiracy claim is limited to Defendants Conlan and Palider, the June 28th arrest, and John West, Jr.'s arrest, as all other parties or events are outside the scope of the Complaint.[2]

Seventh Circuit rulings support the Court's application of the relate back doctrine. For example, in *F.D.I.C. v. Knostman*, the Seventh Circuit found that the plaintiff's amended complaint related back to the plaintiff's original complaint because both pleadings arose from the same contracts, and thus the same "transactions." *F.D.I.C. v. Knostman*, 966 F.2d 1133, 1139 (7th Cir. 1992). The court further reasoned that the defendant was not prejudiced in

---

[1] Plaintiff alleges additional officers were present at the June 28th arrest which occurred outside of a residence located at 49th Street and Laflin Street. Motion to Amend at ¶ 2, Dkt. 39. Defendants allege Plaintiff was arrested in an alley and numerous police officers were not present at the June 28th arrest. *Id.* at 3.

[2] Evidence regarding John West, Jr.'s arrest is probative of the circumstances of Plaintiff's arrest because both arrests are alleged to have occurred at the same location and relative time, and both arrest reports include substantially identical narratives.

preparing its defense because it "should have been prepared to defend the action against all claims which could have arisen pursuant to the two contracts before or after the filing of the complaint." *Id.*

Like the proposed amendment in *Knostman*, Plaintiff's conspiracy claim relates back to the allegations in the Complaint. Because both the original false arrest claim and the new conspiracy claim arose from Defendants Conlan and Palider's participation in the June 28th arrest, Plaintiff's conspiracy claim relates back to the Complaint. Additionally, as in *Knostman*, because Plaintiff's conspiracy claim arises from the same occurrence alleged in Plaintiff's Complaint, Defendants are not unduly prejudiced by Count II and should have been prepared to defend against additional causes of actions arising from the June 28th arrest.

**C. Good Cause**

Defendants further argue that Plaintiff's new conspiracy claim violates Section C of the August 21, 2007 Scheduling Order ("Scheduling Order").[3] Defendants assert that Plaintiff failed to amend his original complaint by the November 1, 2007 cut-off date for amendments established in the Scheduling Order. Dkt. 46, 3/6/07.[4] Because the Court finds good cause to allow Plaintiff's new conspiracy claim against Defendants Conlan and Palider, the

---

[3]"[A]mendments to the pleadings and/or joinder of additional parties are anticipated and may be sought upon appropriate motion by 11/1/07 on all federal claims in the complaint. Amendments thereafter may be made only on motion for good cause shown." Dkt. 16 at (C).

[4]On February 8, 2008, Plaintiff filed the Motion to Amend in which Plaintiff sought leave to amend his Complaint to include the contested conspiracy claim. Dkt. 39. Although Defendants did not file written objections to Plaintiff's motion, Defendants orally moved to file a motion to dismiss Count II on March 6, 2008. Judge Lefkow, on the same day as granting the Motion to Amend, also granted Defendant's oral motion. Dkt. 41, 2/14/08.

10

amendment requirements set forth in the Scheduling Order are satisfied.

Good cause exists to amend complaints when it is reasonable that new claims are only recognized after filing an initial complaint. In *Lippert Marketing, Ltd. v. Kingwood Ceramics, Inc.*, the court granted plaintiff's untimely amendment submitted in response to information gained in discovery that was crucial to establishing the sufficient facts to allege a cause of action. *Lippert Mktg., Ltd. v. Kingwood Ceramics, Inc.*, No. 95-C-6490, 1997 WL 527282, at *3 (N.D. Ill. Aug. 19, 1997); *compare Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 615 (7th Cir. 1995) (stating rejection of amendments is warranted when the amending party fails to provide an explanation for the delay in proposing the amendment). In *Doe v. Board of Educ. of Hononegah Community High School District No. 207*, the plaintiff, a female high school student, filed amended Section 1983 claims to her action against high school personnel, based upon facts discovered after filing her complaint. *Doe v. Bd. of Educ. of Hononegah Cmty. High Sch. Dist. No. 207*, 833 F. Supp 1366, 1379 (N.D. Ill. 1993).

The Court finds good cause to allow Plaintiff's new conspiracy claim. Plaintiff argues that discovery led to previously unknown facts which alter the shape of the case. Like *Doe*, the Court finds it reasonable that Plaintiff's initial understanding of his arrest would not, at the outset, cause Plaintiff to suspect a conspiracy between Officers Conlan and Palider. The Scheduling Order contemplates amendments in response to discovered information and allows amendments to be filed beyond the November 1, 2007 cut-off date upon a showing of good cause. Dkt. 16 at (C), 8/21/07. Plaintiff learned the facts of Defendant's alleged

conspiracy on January 25, 2008. Plaintiff moved to amend the Complaint on February 8, 2008. The two week delay between confirming facts insinuating a conspiracy obtained in discovery and filing the motion to amend is reasonable.

Plaintiff's conspiracy claim does not unduly prejudice Defendants. Virtually all amendments result in some degree of prejudice to an opposing party due to the potential for additional discovery and trial delay. *Ameritech Corp. v. Computer Sys. Solutions, Inc.*, No. 97-C-7932, 1999 U.S. Dist. LEXIS 6743, at *6-7 (N.D. Ill. Apr. 26, 1999). Undue prejudice occurs when the amendment includes "entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint" and when additional discovery is expensive and time-consuming. *Id.* (quoting *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975). Plaintiff's conspiracy claim is neither entirely new, separate from the claims alleged in the Complaint, nor adds new parties. Further, because the Court is limiting Plaintiff's conspiracy claim to Defendants Conlan and Palider, the June 28th arrest, and John West, Jr.'s arrest, no additional discovery is required.

The Court additionally finds it persuasive that Defendants did not object to Plaintiff's Motion to Amend. The arguments presented by Defendants in their Motion to Dismiss, Reply Brief, and at the June 4, 2008 oral hearing were available at the time Plaintiff moved to file the First Amended Complaint. Also, Judge Lefkow granted Plaintiff's Motion to Amend on February 14, 2008, well beyond the November 1, 2007 cut-off date. Dkt. 41.

## IV.  CONCLUSION

Because Count II of Plaintiff's First Amended Complaint relates back to Plaintiff's Complaint and Plaintiff has shown good cause to permit the added conspiracy claim, the Court denies Defendants' Rule 12(b)(6) Motion to Dismiss Count II of Plaintiff's First Amended Complaint. **For the reasons set forth in this opinion, the motion of Defendants Conlan, Palider, and the City of Chicago to dismiss Count II of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) is denied.**

**SO ORDERED THIS 16th DAY OF JUNE, 2008.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Thomas J. Aumann                                            Edward M. Fox

| | |
|---|---|
| Thomas H. Freitag<br>30 North LaSalle Street<br>Suite 1020/1400<br>Chicago, Illinois 60602<br><br>Counsel for Defendant | Leslie C. McCoy<br>Ed Fox & Associates<br>300 West Adams Street<br>Suite 330<br>Chicago, Illinois 60614<br><br>Counsel for Plaintiff |